JUDGE FAILLA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

14 CV 2329

FRANKLIN L. MINIER and ROBINSON
LOPEZ,

                      Plaintiffs,

    - against -

CITY OF NEW YORK and THE NEW YORK CITY
POLICE DEPARTMENT,

                      Defendants.

-----------------------------------------------------------x

PLAINTIFFS
DEMAND TRIAL
BY JURY

COMPLAINT
FOR DAMAGES

Case No.:

RECEIVED APR 03 2014 U.S.D.C. S.D.N.Y.

      Plaintiffs, appearing by their attorneys, Ragues PLLC, hereby allege against the defendants as follows:

## I.    PRELIMINARY STATEMENT

      1.    This is an action for damages sustained by a citizen of the United States against police officers of New York City Police Department, who falsely, wrongly, unjustly, unfairly, unlawfully and maliciously arrested, assaulted, detained, and harassed the plaintiffs.

      2.    The action is against the Police Commissioner as the supervisory officer responsible for the conduct of the defendants and for the Commissioner's failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against New York City Police Department as the employer of the police personnel, which is sued as a person under 42 U.S.C. § 1983.

## II  JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and the Federal Tort Claims Act.

4. The Court has subject matter jurisdiction of the action under 28 U.S.C. §§1331, 1343(a)(3), (4) and §1346(a).

5. The Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S.C. §1367.

## III.  PARTIES

6. Plaintiffs are residents of the County and State of New York and at all times relevant to the allegations of this complaint were citizens of the United States and residents of New York County.

7. At all times relevant to this action, defendant "John Doe" and "Jane Doe" were a police officers employed by the Department and their name are currently unknown to and undiscoverable by plaintiffs. The plaintiffs will amend this complaint to state the true name of "John Doe" and "Jane Doe" as soon as possible. "John Doe" and "Jane Doe" were assigned to the 34th Precinct.

8. The defendant City of New York is a municipal corporation within the State of New York and, at all relevant times, it employed the other defendants in this action.

9. At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel.

## IV.    FACTUAL ALLEGATIONS

10. On June 10, 2011 approximately at 6:00 a.m., 5 male police officers, one female police officer and one police dog entered into the plaintiffs' apartment, which was located at 7274 Ellwood Street, Apt #5A, New York, New York 10040.

11. Police officers were looking for drugs, more specifically, cocaine, for over two hours.

12. While police officers were searching their apartment, the Plaintiffs were handcuffed and placed down on the floor by defendant officers "John doe" and "Jane Doe".

13. While police officers were searching their apartment, from time to time, Police Officers put guns to Plaintiffs' head demanding drugs which Plaintiffs did not have.

14. Thereafter, Plaintiffs were remained in handcuff and transported to the 34th precinct, although there were no grounds for their arrests.

15. The action described above were committed by the defendants police officers "John Doe" and "Jane Doe" in conjunction with each others.

16. Plaintiffs were detained at the precinct by defendant police officers maliciously and without reasonable or probable cause for approximately 13 hours.

17. As a result of the misconduct described above, plaintiffs experienced humiliation, emotional distress, pain and suffering.

18. The plaintiffs were also physically injured as a result of the conduct described in this complaint.

19. The abuse to which plaintiffs were subjected was consistent with an institutionalized practice of the New York City Police Department, which was known to and ratified by the City of New York and New York City Police Department.

20. Despite knowledge of these institutionalized practices, the defendants City of New York and New York City Police Department have at no time taken any effective action to prevent New York City Police Department personnel from continuing to engage in this type of misconduct.

21. The failure of City of New York and New York City Police Department to properly train police officers defendants "John Doe" and "Jane Doe" included the failure to instruct them in applicable provisions of the State Penal Law of the State of New York and the proper and prudent use of force.

22. Defendants City of New York and New York City Police Department authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by;

   a. Failing to properly discipline, restrict, and control employees, including defendants "John Doe" and "Jane Doe" known to be irresponsible in their dealing with citizens of the community;

   b. Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically defendants "John Doe" and "Jane Doe";

   c. Failing to forward to the office of the District Attorney of New York County evidence of criminal acts committed by police personnel;

   d. Failing to establish or assure the functioning of a bona fade and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

23. The conduct of defendants City of New York and New York City Police Department also constitutes gross negligence under state law.

Plaintiff demands the following relief:

    a.    That this Court assume jurisdiction;

    b.    Compensatory damages in the amount of $250,000.00 for disregarding Plaintiffs' safety and welfare, and the intentional infliction of emotional distress

    c.    Punitive damage in the amount of $250,000.00 for the knowing and intentional disregard for Plaintiffs' safety and welfare, and for the intentional infliction of emotional distress

    d.    Attorney's fees pursuant to 42 U.S.C. §1988.

    e.    An award of Plaintiff's costs of suit.

    f.    All other relief and further relief as may be proper that is appropriate under the circumstances.

Dated: February 20, 2014

                                  Respectfully Submitted,

                                  Raymond Ragues
                                  RAGUES PLLC
                                  Attorney for Plaintiffs
                                  33 Gold Street
                                  Suite 620
                                  New York, New York 10038
                                  Tel: (212) 766-1100

Case No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANKLIN L. MINIER and ROBINSON LOPEZ,

                Plaintiffs,

- against -

CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT,

                Defendants.

---

**COMPLAINT**

---

**RAGUES PLLC**
*Attorneys for Plaintiffs*
**33 Gold Street, Suite 620
New York, NY 10038
212-766-1100**

---

TO: